UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CAMBER CORPORATION, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 5:16-cv-00484-MHH |
| } | |
| VIATECH, INC., } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

Plaintiff Camber Corporation has asked the Court to enter a default judgment against defendant Viatech, Inc. (Doc. 14). Camber filed this suit on March 24, 2016. (Doc. 1). Camber alleges that Viatech breached its subcontract with Camber when Viatech failed to pay several invoices that Camber submitted for supplies and services provided under the subcontract. (Doc. 1).[1] Viatech, through counsel, executed a waiver of the service of summons on June 20, 2016, and then fell silent; Viatech did not respond to the complaint. (Doc. 9). On November 2, 2016, the Clerk of Court made an entry of default against Viatech. (Doc. 12). Camber then filed its motion asking the Court to enter a default judgment against Viatech. (Doc. 14). In support of this motion, Camber has filed

---

[1] Camber also named D&S Consultants, Inc. as a defendant in the complaint. (Doc. 1). Camber voluntarily dismissed D&S as a defendant on May 12, 2017. (Doc. 17).

1

a brief, an affidavit, and copies of its subcontract with Viatech. (Docs. 15, 16-1). For the reasons stated below, the Court grants Camber's motion and enters a default judgment against Viatech.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's default. Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, if the defendant is not an infant or an incompetent person, a court may enter a default judgment against the defendant because of the defendant's failure to appear or defend. Fed. R. Civ. P. 55(b)(2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

"A motion for default judgment is not granted as a matter of right." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (internal footnote omitted). After a clerk enters a default pursuant to Rule 55(a), a court must review the sufficiency of the complaint and its underlying substantive merits to determine whether a moving party is entitled to default judgment. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). A court must ensure that the well-pleaded allegations in the complaint state a

substantive cause of action and that a sufficient basis exists in the pleadings for the relief sought. *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). In addition to the pleadings, a court may consider evidence presented in the form of an affidavit or declaration. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Construction Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)).

**FACTUAL ALLEGATIONS**

Camber alleges that on March 22, 2013, it entered into an "indefinite delivery/indefinite quantity subcontract" with Viatech. (Doc. 1, p. 3). Camber indicates that this subcontract was associated with a primary contract between Viatech and the United States. (Doc. 1, p. 3). Camber was to provide "engineering, logistics, and business operations support" to Viatech per individual purchase and task orders from Viatech. (Doc. 1, p. 4). Under the subcontract, Viatech was obligated to remit payments to Camber for properly submitted invoices within five business days of receiving payment on the primary contract from the United States. (Doc. 1-1, p. 8).

Camber alleges that in December 2014, Viatech stopped remitting payments for invoices that Camber submitted to the company under the subcontract. (Doc. 1, pp. 5-6). Camber contends that Viatech failed to make the required payments even though the United States had paid Viatech under the primary contract. (Doc. 1, p. 6). Despite Viatech's delinquency, Camber continued to respond to Viatech's purchase and task orders for the better part of a year. (Doc. 1, pp. 6-7). In December 2015, Camber and Viatech entered a forbearance agreement to allow Viatech to pay off the overdue invoices. (Doc. 1, pp. 7-9). Viatech made only two payments under the forbearance agreement. (Doc. 1, p. 9). Based on the table Camber includes in its complaint, Camber stopped submitting invoices to Viatech in February, 2016. (Doc. 1, p. 6).

**DISCUSSION**

**Subject Matter Jurisdiction**

Before entering a default judgment, the Court first must ensure that it has subject matter jurisdiction over the case. *See Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) ("Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.") (internal quotations omitted); *see also Smarter Every Day, LLC v. Nunez*, 2017 WL 1247500, at *2

(N.D. Ala. Apr. 5, 2017). Camber asserts that the Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the parties are completely diverse, and more than $75,000 is in controversy. (Doc. 1, pp. 2-3). Camber alleges that it is a Delaware corporation headquartered in Alabama, and Camber alleges that Viatech is a New Jersey corporation. (Doc. 1, p. 2). To complete the jurisdictional picture, the Court takes note of the fact that the subcontract, a copy of which Camber attached to its complaint, lists Viatech's primary place of business as Eatontown, New Jersey. (Doc. 1-1, p. 2).[2] Therefore, in the absence of record evidence to the contrary, the Court finds that the parties are completely diverse.

As to the amount in controversy, Camber claims that the invoices that Viatech left unpaid total $1,005,546.69. (Doc. 1, p. 6; Doc. 15, p. 4).[3] In both the complaint and the motion for default judgment, Camber includes a table listing the date and the amount of each invoice that the company alleges Viatech did not pay. (Doc. 1, p. 6; Doc. 15, p. 4). Camber also supports the total amount of damages

---

[2] The Court is permitted to take judicial notice of documents attached to pleadings that are central to the plaintiff's claim if the authenticity of those documents is not challenged. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Because the subcontract is the basis for Camber's claim to damages and because the authenticity of the subcontract has not been challenged, the Court accepts as true the term of the subcontract which states that Viatech "ha[s] its principal office in Eatontown, a New Jersey Corporation. . . ." (Doc. 1-1, p. 2).

[3] Although Camber makes an additional claim for prejudgment interest in the amount of $68,779.39, (Doc. 16), the Court assesses the amount in controversy without regard to "interest and costs." 28 U.S.C. § 1332(b).

the company claims with the declaration of Mike Whyte, Camber's custodian of records. (Doc. 16-1, p. 2). In light of Camber's allegations and the supporting declaration, the Court is satisfied that more than $75,000 is in controversy. Therefore, the Court determines that it has subject matter jurisdiction over this case.

**Personal Jurisdiction**

To enter a valid default judgment, a court also must have personal jurisdiction over the defendant. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009). To determine whether a district court has personal jurisdiction over an out-of-state defendant, the Court typically applies a two-prong test that asks whether the state's long arm statute confers jurisdiction over the defendant, and, if so, whether the defendant has sufficient contacts with the forum to satisfy the Due Process Clause of the Fourteenth Amendment. *See Melgarejo v. Pysca Panama, S.A.*, 537 Fed. Appx. 852, 858–59 (11th Cir. 2013). Alabama's long-arm statute permits courts within the state, including federal courts, to exercise jurisdiction to the extent allowed by the Due Process Clause. *Mut. Serv. Ins. Co. v. Frit Indus. Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004). Consequently, the Court asks only whether Viatech has sufficient minimum contacts with Alabama to satisfy the Due Process Clause of the Fourteenth Amendment.

Camber alleges that the Court has personal jurisdiction over Viatech because Viatech purposefully reached out to Alabama to establish contacts with a business in the state, and those contacts gave rise to the contract on which Camber now brings suit. (Doc. 1, p. 3). The Court may exercise specific personal jurisdiction over an out-of-state defendant where that defendant has purposefully "availed himself of the opportunity of conducting business" within the forum state or where his conduct within the forum "has created continuing obligations between himself and residents of the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (internal quotations omitted). Here, Viatech conducted regular business with a corporation headquartered in Alabama from March of 2014 until the beginning of 2016. Viatech's contacts with the forum are neither "fortuitous" nor "attenuated," and those contacts form the basis of this suit. Thus, this Court's exercise of jurisdiction over Viatech satisfies the requirements due process. *See Burger King Corp.*, 471 U.S. at 475. Therefore, the Court finds that it has personal jurisdiction over Viatech.

**Liability for Breach of Contract**

"A federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court sits." *O'Neal v. Kennamer*, 958 F.2d 1044, 1046 (11th Cir. 1992). "Alabama applies the traditional doctrines of *lex loci contractus* to contract claims . . . Th[is] doctrine

states that a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction." *Colonial Life & Acc. Ins. Co. v. Hartford Fire Ins. Co.*, 358 F.3d 1306, 1308 (11th Cir. 2004) (internal quotations omitted). Accordingly, the Court looks either to the laws of the state where the contract was made or to the laws of the state that the parties agreed would govern their agreement.

Neither Camber's pleadings nor the subcontract indicates where Viatech and Camber entered into their agreement. The subcontract does not contain a choice-of-law clause, but it does contain a clause indicating that the parties will submit all disputes arising under the subcontract to binding arbitration governed by the rules of the American Arbitration Association and subject to the laws of New Jersey. (Doc. 1-1, p. 16). Therefore, the Court infers that New Jersey law governs the subcontract.

The Court pauses to discuss the arbitration provision in the subcontract. Although arbitration clauses can oust a court of jurisdiction over covered disputes, here the presence of an arbitration clause does not prevent the Court from entering a default judgment against Viatech. The right to arbitrate is a creature of contract, and as with other contractual rights, the right to arbitrate may be waived by the parties. *Frank v. Am. Gen. Finance, Inc.*, 23 F. Supp. 2d 1346, 1350 (S.D. Ala. 1998). Concepts like waiver are governed by state law for arbitration questions.

*See generally Ex Parte Textron, Inc.*, 67 So. 3d 61 (Ala. 2011) (applying Alabama law to determine whether Textron had waived its rights under forum selection clause); *Cole v. Jersey City Medical Center*, 72 A.2d 224, 231 (N.J. 2013) (noting that "[a]n arbitration agreement is a contract and is subject, in general, to the legal rules governing the construction of contracts," and applying New Jersey law to the question of whether the defendant had waived the right to arbitrate). Delay by a party in asserting its contractual right to arbitration can result in a waiver of that right. *Frank*, 23 F. Supp. 2d at 1350; *see also Central Trust Co., N.A. v. Anemostat Products Div.*, 621 F. Supp. 44, 46 (S.D. Ohio 1985).

Moreover, a party must invoke an arbitration provision to compel arbitration of a dispute. Section three of the FAA states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. This case has been pending since March 24, 2016, and Viatech has had notice of this suit since June 20, 2016. (Doc. 9). Over the past eighteen months, Viatech has not appeared before the Court to request a stay in these proceedings pending the outcome of arbitration. Therefore, the Court concludes

that the subcontract's arbitration clause does not affect Camber's entitlement to a default judgment.

As to the sufficiency of Camber's breach of contract claim, the Court finds that whether the subcontract is governed by the law of New Jersey or the law of Alabama, Camber has adequately alleged a breach of contract claim. To establish a claim for breach of contract under Alabama law, "a plaintiff must show '(1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages.'" *City of Gadsden v. Harbin*, 148 So. 3d 690 (Ala. 2013) (quoting *Southern Med. Health Sys., Inc. v. Vaughn,* 669 So. 2d 98, 99 (Ala.1995)). Similarly, "[t]o state a claim for breach of contract under New Jersey law, a plaintiff 'must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom, and (4) that the party stating the claim performed its own contractual obligations.'" *Block v. Seneca Mortg. Serv.*, 221 F. Supp. 3d 559, 572 (D.N.J. 2016) (quoting *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007)). Thus, Camber must satisfy essentially the same elements to demonstrate its entitlement to recover for Viatech's breach of contract regardless of which state's contract law governs the dispute.

Camber has attached copies of the subcontract to both its complaint and its motion for default judgment. (Doc. 1-1; Doc. 16-1, p. 6). Those copies appear to

bear the signatures of representatives for both Viatech and Camber. (Doc. 1-1, p. 18; Doc. 16-1, p. 22). Under the terms of the subcontract, Viatech was to issue purchase and task orders to Camber. (Doc. 1-1, p. 5). Once Camber filled these orders, Camber was to submit invoices to Viatech, and Viatech was to remit payment to Camber within five days of receiving payment on the primary contract from the United States. (Doc 1-1, pp. 7-8). Section B-6(D) of the contract states that "[i]nvoices shall be payable within five (5) working days after receipt of payment from the Government." (Doc. 1-1, p. 8). Camber alleges that, although it provided Viatech with materials, services, and complying invoices, from December 2014 forward, Viatech paid only one invoice in full and made only a partial payment towards another outstanding invoice. (Doc. 1, pp. 6, 9).

Where, as here, the defendants do not respond to the plaintiff's complaint, the Court treats well-plead factual allegations in the plaintiff's complaint as admitted. *See Eagle Hosp. Physicians, LLC v. SRG Consulting Grp., Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Consequently, the Court accepts that there was a valid contractual agreement between the parties, that the contractual preconditions for payment were met, and that Viatech's failure to pay properly submitted invoices was a breach of its obligations under the subcontract.

**Damages**

When assessing damages, a court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007). An evidentiary hearing may be required to determine the amount of damages; however, if the record is sufficient, a court may be able to determine damages without a hearing. *See Sec. & Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Thus, although a defaulted defendant admits well-pleaded allegations of liability, "allegations relating to the amount of damages are not admitted by virtue of default." *PNCEF, LLC v. Hendricks Bldg. Supply, LLC*, 740 F. Supp. 2d 1287, 1292 (S.D. Ala. 2010).

Camber alleges that it was damaged by Viatech's breach in so far as its (Camber's) reasonable expectations under the contract were not met when Viatech failed to compensate it for services rendered. (Doc. 1, pp. 12-13). Where a plaintiff bases a breach of contract claim on another party's failure to perform contractual obligations, Alabama law dictates that the damages awarded "should return the injured party to the position he would have been in had the contract been fully performed." *Systrend, Inc. v. Grp. 8760, LLC*, 959 So. 2d 1052, 1075 (Ala. 2006) (quoting *Parsons v. Aaron*, 849 So. 2d 932, 949 (Ala. 2002)). Similarly, "[u]nder [New Jersey] contract law, a party who breaches a contract is liable for all of the natural and probable consequences of the breach of that contract . . . the goal is to put the injured party in as good a position as ... if performance had been

rendered." *Totaro, Duffy, Cannova, & Co., LLC v. Lane, Middletown & Co., LLC*, 921 A.2d 1100, 1108 (N.J. 2007) (internal quotations and citations omitted).

Camber claims $1,005,546.69 for unpaid invoices that it submitted to Viatech under the subcontract. (Doc. 1, p. 2). Camber has submitted a table detailing the dates and amounts of each invoice submitted to Viatech as well as the dates and amounts of payments that Viatech made. (Doc. 1, p. 6; Doc 15, p. 4). The total amount reflected in that table is supported by the declaration of Mike Whyte, custodian of records at Camber. (Doc. 16-1, pp. 2-4). The Court is satisfied that Camber has demonstrated its entitlement to recover this amount for Viatech's breach of contract under either Alabama or New Jersey law.

In addition to that amount, Camber also seeks prejudgment interest on the invoice payments at a rate of 6% annually – the rate set by § 8-8-1 of the Alabama Code – from the date on which Camber filed this case, March 24, 2016 to the date of judgment. (Doc. 15, p. 5). Sections and 8-8-1 and 8-8-8 of the Alabama Code permit the recovery of prejudgment interest in breach of contract cases at the 6% annual rate for which Camber argues. *See Goolesby v. Koch Farms, LLC*, 955 So. 2d 422, 429 (Ala. 2006); *Maddox v. Alfa Mut. Ins. Co.*, 577 So. 2d 457, 458 (Ala. 1991). Camber, however, has not offered an argument for why Alabama law governs the issue of damages. And on this issue, New Jersey law and Alabama law are not necessarily in agreement. Although New Jersey appears to allow

13

courts to award prejudgment interest in breach of contract cases, "the prejudgment interest rate applied to contract claims is determined by the annual rate of return of the State of New Jersey Cash Management Fund, and shall not fall below 0.25%." *Hang Hing Loong Trading Co. Ltd. v. Inco, LLC*, 2017 WL 4697069, at *13 (D.N.J. October 18, 2017). Due to the Court's uncertainty as to which state's substantive law governs the subcontract, and due to the potential divergence on how much interest the Court could award Camber under either Alabama law or New Jersey law, the Court will set the issue of damages for a hearing

**CONCLUSION**

For the reasons stated above, the Court enters default judgment against Viatech, Inc. The Court sets the issue of damages for a telephone conference at 2:00 p.m. on January 11, 2018. Counsel for Camber shall dial 877-873-8018 and enter access code 5313999 to participate in the call. Counsel shall be prepared to address the questions of whether New Jersey or Alabama law governs the issue of damages and how much Camber is entitled to recover under the governing law.

**DONE** and **ORDERED** this December 15, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE